IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEON V. LIPSCOMB, R25793,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01591-SMY |
| | ) |
| **WARDEN ANTHONY WILLS,** | ) |
| **NICKOLAS C. KOESTER,** | ) |
| and **TROY L. SLINKARD,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Keon Lipscomb, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center, filed this action under 42 U.S.C. § 1983 for alleged constitutional deprivations arising from his suicide attempt at Menard. He seeks monetary and injunctive relief. The First Amended Complaint (Doc. 12) is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant.

**First Amended Complaint**

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 12, pp. 6-16): Plaintiff is a seriously mentally ill inmate who was placed on crisis watch continuously from February 6, 2024 through June 22, 2024. *Id*. at 6. On June 10, 2024, Plaintiff informed Officer Koester that he felt like inflicting self-harm with a paperclip that he showed the officer. When Plaintiff asked to speak with a mental health professional, Officer Koester said, "Cool, thanks for the heads up. You can self-harm and cut yourself until I'm done with other things bec[au]se no

1

mental health staff wants to see you." *Id*. While Officer Koester was still watching, Plaintiff began cutting himself with the paperclip. The officer simply walked away.

For the next hour, Plaintiff continued cutting himself, as Officer Koester and another unknown officer walked past his cell and gave him a thumbs up sign repeatedly. *Id*. at 8. During this time, Plaintiff cut through muscles and tendons until he penetrated the "main vein" in his arm three times. *Id*. Officer Koester eventually ordered Plaintiff to cuff up and took him to the infirmary and health care unit to meet with a nurse and mental health staff member. *Id*.

Officer Slinkard helped escort Plaintiff. In the process, Slinkard ordered Plaintiff to turn toward the wall, grabbed his head, and twisted it, while calling him a "baby killer" and a "rapist" who "should be dead." *Id*. Officer Slinkard said he was kicked out of other cell houses for beating up inmates like the plaintiff, and he planned to hurt Plaintiff, too. The officer rubbed his bare arm against Plaintiff's injured arm, saying, "O yeah that feel[s] good." *Id*. at 9. Plaintiff alerted two lieutenants passing by the area that Officer Slinkard was harassing him. *Id*. at 8. One lieutenant said she was assigned to work in a different area, while the other slouched his shoulders and kept walking. Officer Slinkard continued harassing Plaintiff in this manner, until Plaintiff was handed off to another officer and taken to Chester Hospital, where he received 3 internal and 9 external stitches for his injuries. *Id*. at 9. The defendants took this action against him in retaliation for filing numerous lawsuits against Menard officials. *Id*.

## Preliminary Dismissals

Plaintiff alleges misconduct by individuals who are not identified as defendants in the First Amended Complaint, including: unknown officers, two lieutenants, a nurse, mental health staff, and defendants in other lawsuits. When a plaintiff does not identify individuals as defendants in the case caption or list of defendants, the Court will not treat them as such. FED. R. CIV. P. 10(a);

*Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Anyone mentioned in the body of the First Amended Complaint, other than Warden Anthony Wills, Officer Koester, and Officer Slinkard, are considered dismissed without prejudice from this case.

## Discussion

The Court designates the following claims in the *pro se* First Amended Complaint:

**Count 1:** Eighth Amendment claim against Officer Koester for failing to protect Plaintiff from self-inflicted harm while on crisis watch on June 10, 2024.

**Count 2:** Eighth Amendment claim against Officer Slinkard for using excessive force against Plaintiff on June 10, 2024.

**Count 3:** Eighth Amendment claim against Warden Wills for failing to intervene and protect Plaintiff from harm on or around June 10, 2024.

**Count 4:** First Amendment claim against Defendants for failing to protect Plaintiff from self-inflicted harm and excessive force on June 10, 2024, in retaliation for filing lawsuits against Menard officials.

**Count 5:** Illinois state law claim against Defendants for intentionally inflicting severe emotional distress against Plaintiff on June 10, 2024.

Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

The Eighth Amendment guards against cruel and unusual punishment of convicted persons. U.S. CONST., amend VIII. A plaintiff asserting a claim in this context must plead facts suggesting a sufficiently serious harm to his health or safety and that each defendant responded to it with deliberate indifference. *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019) (citing *Farmer v.*

3

*Brennan*, 511 U.S. 825, 834 (1994)).  Plaintiff's history of serious mental illness coupled with his alleged stated intention to inflict self-harm with a readily available paperclip is serious enough to support a claim.  *Kupsky*, 748 F. App'x at 76 (citing *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)).  Officer Koester's alleged response—including his denial of Plaintiff's request for mental health intervention and his active encouragement of Plaintiff's self-mutilation—also supports a claim of deliberate indifference.  Count 1 will proceed against Officer Koester.

## Count 2

An Eighth Amendment claim may arise against a prison official who acts with deliberate indifference and punishes an inmate without penological justification.  *Wilkins v. Giddy*, 559 U.S. 34 (2010).  "[R]ough or improper handling that cause[s] excessive pain or other harm" can support a constitutional claim.  *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).  Plaintiff's allegation that Officer Slinkard grabbed and twisted his head, rubbed against his injured arm, and threatened to harm or kill him while escorting him for treatment of his self-inflicted injuries state a colorable claim against Officer Slinkard.

## Count 3

The Eighth Amendment claim against Warden Wills for failing to intervene and protect Plaintiff from Officers Koester and Slinkard depends on the warden's knowledge of the serious risk of harm in time to prevent it from occurring.  Plaintiff allegations do not indicate that the warden was aware of any risk of harm to Plaintiff from these officers before it occurred.  And the warden's supervisory role over these officers provides no grounds for a claim against him because the doctrine of *respondeat superior* is not recognized in this context.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Section 1983 lability

hinges on personal involvement in or responsibility for a constitutional deprivation. *Id*. Therefore, Count 3 will be dismissed against this defendant.

**Count 4**

To pursue a retaliation claim against any defendants under the First Amendment, Plaintiff must sufficiently allege that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter the protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). An inmate has a First Amendment right to file grievances and lawsuits. *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010). And, acts taken in retaliation for the exercise of a constitutionally protected right violate the Constitution. *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). However, Plaintiff's allegations of retaliation are insufficient because he draws no connection between his decision to file lawsuits against Menard officials and the alleged acts of misconduct by Officers Koester, Slinkard, or Wills. He merely relies on generalized allegations of "staff" harassment, assault, misconduct, etc. As such, his allegations do not state a *plausible* claim of retaliation against them. Count 4 will be dismissed for failure to state a claim for relief.

**Count 5**

Plaintiff's Illinois state law claim for intentional infliction of emotional distress arises from the same facts that give rise to his federal constitutional claims. *See* 28 U.S.C. § 1367(a). The allegations also support a claim against Officers Koester and Slinkard. *See McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017) (articulating elements of claim). Accordingly, Court 5 will proceed against both officers.

**Request for Injunctive Relief**

Plaintiff seeks injunctive relief as it pertains to conditions at Menard. However, he is no longer confined there. Soon after filing this lawsuit, Plaintiff transferred to Pontiac Correctional Center, and he mentions no plans to return to Menard in the notice of address change he filed several months later in this case. *See* Doc. 13. Given this, Plaintiff's request for injunctive relief is denied without prejudice as being moot. *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017) ("If a prisoner seeking injunctive relief for conditions of confinement at a particular prison is transferred without a realistic possibility of return, then his request for relief becomes moot.").

**Disposition**

The First Amended Complaint (Doc. 12) survives screening under 28 U.S.C. § 1915A, and the following claims will proceed against the below-listed defendants:

- **COUNT 1** will proceed against **C/O KOESTER**, in his individual capacity;

- **COUNT 2** will proceed against **C/O SLINKARD**, in his individual capacity; and

- **COUNT 5** will proceed against **C/O KOESTER** and **C/O SLINKARD**, in their individual capacities.

**ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim for relief. This includes all official capacity claims against **C/O KOESTER** and **C/O SLINKARD** and all claims against **WARDEN WILLS**, who will be terminated as a defendant in CM/ECF. Plaintiff's request for injunctive relief in the First Amended Complaint is **DISMISSED** without prejudice as being **MOOT**.

The Clerk shall prepare for **C/O NICKOLAS KOESTER** and **C/O TROY SLINKARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12), and this Memorandum and Order to each Defendant's place

of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Warden Anthony Wills as a defendant in CM/ECF.**

IT IS SO ORDERED.

DATED: March 24, 2025

*s/ Staci M. Yandle*
STACI M. YANDLE
United States District Judge

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter appearances and file Answers to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' attorneys have filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.